IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-125-FL

| | |
|---|---|
| WAKE COUNTY SHERIFF DEPUTY K.B. HINTON and NORTH CAROLINA STATE GOVERNMENT, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN GEORGE DAY, <br><br> Defendant. | **ORDER and MEMORANDUM AND RECOMMENDATION** |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by defendant Brian George Day ("defendant") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 1st Public D.E. dated 30 March 2015). For the reasons stated below, the court will allow defendant's motion to proceed *in forma pauperis*, but recommend that this case be remanded for lack of subject matter jurisdiction.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that defendant has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION

### I. BACKGROUND

On 26 February 2015, defendant received a traffic citation from a Wake County sheriff's deputy for exceeding a safe speed under conditions then existing, in violation of N.C. Gen. Stat. § 20-141(a). (D.E. 1-1 at 12). On 26 March 2015, defendant filed in this court a notice of

removal (D.E. 1-1) purporting to remove the proceeding on the citation from the District Court of Wake County, North Carolina, to this court, pursuant to 28 U.S.C. § 1441(a). Defendant alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332, providing for diversity jurisdiction, and 49 U.S.C. §§ 14504-06, relating to federal-state relations in the regulation of motor carriers. Defendant filed with the removal notice his motion to proceed *in forma pauperis*.

Previously, on 8 October 2014, defendant had mailed a notarized "Declaration of Contract by Affidavit of Truth" (D.E. 1-1 at 8-11) to the North Carolina Department of Transportation ("NCDOT"), claiming exemption from motor vehicle laws on the grounds that, because he is a "Sovereign Soul on the Land," his automobile cannot be classified as a motor vehicle within the meaning of the North Carolina laws unless it can be shown that the automobile is used for criminal activity or commercial transportation. The affidavit was forwarded to the office of the Attorney General, which responded with a letter dated 12 January 2015 advising defendant to "consult a licensed attorney before assuming that you are exempt from abiding by Federal and State Statutes." (D.E. 1-1 at 7). On 19 January 2015, defendant responded to the letter from the Attorney General's office claiming that because NCDOT had not responded to his affidavit within 30 days, his affidavit had acquired binding effect. (D.E. 1-1 at 4).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal.

2

28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here defendant. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on . . . the party asserting jurisdiction.").

Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. Removal jurisdiction exists only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). A case that is improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that the case was improperly removed. *See, e.g., Deluca v. Mass. Mut. Life Ins. Co.*, No. 105CV006320WWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. &*

3

*H. Grossinger, Inc. v. Hotel and Rest. Emps. and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

## III. DISCUSSION

The court concludes that it lacks subject matter jurisdiction over this case pursuant to the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* directs that federal courts should not intervene in state court criminal, civil, and administrative proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). "*Younger* and 'its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Beam v. Tatum*, 299 F. App'x 243, 245 (4th Cir. 2008) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Abstention is required where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Here, the requirements for application of the *Younger* doctrine are satisfied. The pending state proceeding defendant has removed concerns the regulation of motor vehicles and motor vehicle traffic. These matters unquestionably implicate important state interests. *Delaware v. Prouse*, 440 U.S. 648, 658 (1979) ("We agree that the States have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles, that these vehicles are safe for operation, and hence that licensing, registration, and vehicle inspection requirements are being observed."); *Raymond Motor Transp., Inc. v. Rice*, 434 U.S. 429, 442 (1978) ("[A] State has a legitimate interest in regulating motor vehicles using its roads in order to promote highway

4

safety."); *Beam*, 299 F. App'x at 247. Even in a case in which the defendant was a federal officer seeking removal pursuant to 28 U.S.C. § 1442, the Fourth Circuit found that "the facts in dispute . . . do not speak to the federal character of the incident" and held that the federal district court lacked subject matter jurisdiction, because the general factual and legal questions incident to ordinary traffic cases "are simply matters for the state courts to resolve." *North Carolina v. Ivory*, 906 F.2d 999, 1002 (4th Cir. 1990).

Defendant apparently seeks to assert challenges to the state court's jurisdiction over the citation proceeding. He will have an adequate opportunity to pursue such challenges in the state forum. *See Beam*, 299 F. App'x at 248.

The court accordingly concludes that the *Younger* abstention deprives this court of subject matter jurisdiction over this case. This case should therefore be remanded pursuant to 28 U.S.C. § 1447(c).[1]

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be REMANDED to Wake County District Court pursuant to 28 U.S.C. § 1447(c).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 15 October 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further

---

[1] Having determined that the *Younger* doctrine is dispositive of the court's subject matter jurisdiction, it need not address other potential grounds for lack of subject matter jurisdiction and thereby removal jurisdiction.

5

evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after filing of the objections.

SO ORDERED, this 1st day of October 2015.

James E. Gates
United States Magistrate Judge